IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

2013 JUN -6 PM 3: 10

COURT

| | |
|---|---|
| NOELLA D. CARTER, | CIVIL CASE NO. CV0021-12 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| GEORGE SANTOS[1], in his official capacity as COMMISSIONER OF THE GUAM WORKER'S COMPENSATION COMMISSION, CONTINENTAL MICRONESIA, and AMERICAN HOME ASSURANCE COMPANY, | |
| Defendants. | |

## INTRODUCTION

The Plaintiff filed her Application for a Preliminary Injunction and Memorandum of Points and Authorities in Support thereof on Monday, May 7, 2012. The Application is made pursuant to Guam Rule of Civil Procedure 65(a) "to preliminarily enjoin enforcement of Guam Worker's Compensation Order No.2012-0001, to preserve the status quo until this matter can be adjudicated." (Application, 1, May 7, 2012.) The Commissioner's Opposition was filed on September 13, 2012. Continental Micronesia and American Home Assurance Company filed their Opposition on January 24, 2013. On March 6, 2013 the court determined that the oral argument on the Application was unnecessary and vacated the hearing set for March 7, 2013. In this decision, the court determines that the application should be denied.

## BACKGROUND

The Plaintiff is an employee of Continental Airlines and was injured on December 10, 2006 while assisting passengers stow and secure their luggage in preparation for flight departure.

---

[1] Notice of the substitution of George Santos for Leah Beth O. Naholowaa pursuant to Guam R. Civ. P. 25(d)(1) was given in the Commissioner's Answer filed April 9, 2012.

The Compensation Order required payment to the Plaintiff of $6,000.00 to compensate for the period of disability, $1,433.00 for medical expenses and $1,500.00 for Plaintiff's attorney's fee.

## DISCUSSION

The parties agree that the Plaintiff "must show both irreparable harm and likelihood of success on the merits" to obtain the Preliminary Injunction. *Sule v. Guam Bd. Of Examiners for Dentistry*, 2011 Guam 5 ¶ 21 (*citing Hongkong and Shanghai Banking Corp., Ltd. v. Kallingal*, 2005 Guam 13 ¶ 18).

The Plaintiff asserts she will suffer irreparable harm because the Compensation Order limits what she is entitled to under the Guam Worker's Compensation law as to the weekly compensation, the number of weeks of payment, and her attorney's fee. She also states that she was entitled to a penalty fee for Continental Micronesia's delay in controverting her claim.

In opposition the Defendants properly point out that in each of the grounds Plaintiff rests upon, the relief sought is solely monetary; a reversal of the Compensation Order will give her the relief she seeks. *See, e.g., Sampson v. Murray*, 415 U.S. 61, 90 (1974) (the possibility of adequate compensatory relief in the ordinary course of litigation weighs heavily against a claim of irreparable harm); *California Pharmacists Association v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009) ("Typically, monetary harm does not constitute irreparable harm."); *Sule*, 2011 Guam 5 at ¶ 12 ("[I]rreparable harm typically focuses on categories of harm that do not easily lend themselves to monetary compensation."); and *Black's Law Dictionary*, 856 (Rev. 9th Ed. 2009) (Irreparable injury is "[a]n injury that cannot be adequately measured or compensated by money.").

The court concludes that the Plaintiff has failed to show that she will suffer irreparable harm if her Application is not granted.

The Plaintiff states that she will likely succeed on the merits because the Compensation Order's conclusion on each of the four grounds she relies upon is not in accordance with law. First, Plaintiff argues that the maximum weekly compensation of $250 does not reflect Guam's present minimum wage for a 40-hour week. The opposing parties state that Guam's minimum wage in 2007, for the period she was paid, was less than $250 for a 40-hour week.

Second, the Plaintiff contests that the Order limits Plaintiff's compensation, in violation of 22 G.C.A. § 9107, to the period from July to December 2007 and not from the date of injury which was December 2006. The opposing parties submitted deposition testimony that the Plaintiff continued to work until January 21, 2007 at which time she was not allowed to work because of an incident (not related to her injury) that was being investigated. The investigation was completed on May 23, 2007.

Third, the Plaintiff asserts that the attorney's fee award of 25% of the recovery is arbitrary, unreasonable and capricious and an abuse of discretion on the part of the Commission because it is unrelated to the requested fee and not a result of a factual determination. The opponents contend that payment of the requested fee of $16,425.90 would reduce the available compensation award; that Plaintiff's counsel failed to itemize the hours he worked on the case; and that this is a simple case.

Fourth, the Plaintiff states that she is entitled to the 10% penalty fee because Continental Micronesia failed to controvert her February 28, 2007 notice of injury, citing 22 G.C.A. § 9115(b) and the Compensation Order which states that the employer received the notice of injury on March 2, 2007. The opponents contend that there is no penalty due because Plaintiff was not placed on disability until July 2007.

The Court concludes that the Plaintiff has not shown that she will likely succeed on the merits of her claims.

### CONCLUSION

Based upon the conclusions made on the issues of irreparable injury and the likelihood of success, the Application for a Preliminary Injunction is denied.

**SO ORDERED: June 6, 2013.**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 0 6 2013

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam

_____
**RICHARD H. BENSON**
*Judge pro tempore*, **Superior Court of Guam**